Good morning, Your Honor. Deputy Attorney General Charles Chung for the respondent appellant. I would like to reserve one minute for rebuttal. The District Court's November 10, 2009 order should be reversed because the District Court abused its discretion in ordering Mr. Cowans released without parole. The Board should be permitted to place Mr. Cowans on parole supervision consistent with the District Court's judgment. The issue in this appeal boils down to one question. Did the November 10 order provide new habeas corpus relief not provided in the judgment? And the answer is yes. Let me ask you this. On August 25, the District Court granted a habeas and ordered the Board to come up with a release date and if it had, you know, whatever, if the date had lapsed, then he's to be released without parole. Do I understand that right? Well, Your Honor, if the date had already lapsed, he was to be released and released without parole if the date had lapsed more than three years. Okay. Now, was that order appealed? No, it was not. The judgment. Then that's the order we're stuck with if it wasn't appealed. Correct. The judgment, and that is what respondent is actually seeking, enforcement of the judgment. And in the judgment, if the release date had not lapsed more than three years earlier, then Mr. Cowens can be placed on parole. But the November 10 order precludes any parole, no matter when or how the release date is calculated under state law. And that's what the judgment stated, that the Board, if there is no new evidence, find him suitable, calculate a release date in accordance with state law. And then based upon where that date falls, he would be released on parole or without parole. But the problem is in the November 10 order, the release date and the calculation under state law becomes irrelevant. And the court says in its order that Mr. Cowens asked the court to grant him credits since 2003. And that's not provided in the judgment. The district court granted it, as is stated, pursuant to McQuillian. But again, there are no McQuillian credits afforded in the judgment. So what did the state do in response to the August 25 order? The Board, actually, before that judgment was entered, held a hearing on June 24th and found Mr. Cowens suitable for parole. Another hearing was not set because the Board had found, essentially, that there was no evidence of unsuitability. And that decision became final after the judgment, November 20th, 2009, when the Governor affirmed the grant of parole. But the November 10 order that was entered, the portion granting release, there is no issue on that because the Board and the Governor agreed that he should be released. The only issue is whether the Board could place him on parole consistent with the judgment. The November 10 order precludes any parole, effectively amending the judgment, changing the obligations of the Board under the judgment after the time to amend the judgment had passed and after time to appeal the judgment had passed. What was the basis for the judge doing that? What was his reason? In the November 10 order, Your Honor, the district court referred to the Governor's review period under the State Constitution and was concerned that the Governor would reverse the date and continue Mr. Cowens' detention or confinement in prison. And the court stated that it did not want to allow that possibility to happen and so it ordered Mr. Cowens released without parole. If the court had a concern that the Governor's review would somehow frustrate the release and the judgment, then it could have simply just ordered release and otherwise enforced the terms of the judgment. That is, enforce whatever the calculated release date was and proceed in accordance with the judgment. Whether the court could have granted McClellan credits when it granted the credit initially in the judgment, that's not an issue because the district court exercises discretion granting the writ. The November 10 order effectively granted the writ again after the judgment became final and it granted new habeas corpus relief, changing the obligations of the Board, changing the Board's, the Respondent's understanding of its obligations under judgment. There's nothing in the judgment stating that Mr. Cowens should have been released at a prior date. The judgment actually contemplated the possibility that Mr. Cowens could remain in prison because he was unsuitable based on new evidence. So this, even though I understand how this works exactly, but did, in effect, did he max out? I mean, is he, should he be off parole under the way they calculate what his sentence is? They calculate a base sentence, isn't that right, or some kind of? Correct. And then they give him credits and then if he's used that all up, he can't be put on parole, I take it? No, no, no, Your Honor. How does that work? That's not correct. The calculation of the base term effectively, because the period of confinement hinges on the finding of suitability, when the Board finds an inmate suitable, they must calculate a base term to determine whether the inmate should be released now or released in the future. It may be possible that he would be found suitable, a prisoner would be found suitable before he has served what they calculate the base term to be. And in this case, they calculated the base term with the custody credits on the June 24th, 2009. He served the base term. Correct. And then some. Is that right? Correct. And how many years is some? I do not have that calculation before me, but it had passed some time ago. But, I mean, Counselor, it seems to me the problem with your argument is that you're mired in the belief that the district court judge was required to employ the California procedure. The issue before the district court judge was a federal writ of habeas corpus. And the authority of the district court judge is very broad in shaping relief under a habeas. I don't read anything that you've said attacking the fact that, you know, he was entitled to relief. You just seem to say, well, you know, that's fine, he's entitled to relief, but now he's got to drop back into the state system. The judge didn't need to drop him back into the state system. The judge had the ability to shape the relief that he thought was appropriate. And in these rather egregious facts, what the judge said was, he's out of here. No parole. The discretion of the federal court to shape habeas corpus relief is not at issue. There is no contest to that. What the problem here is. Well, if it's not at issue, then why are you here? Because of the finality of judgment. The district court exercised its discretion to shape habeas corpus relief, entered a judgment, setting obligations of the party, became final, responded, did not appeal the judgment based upon what terms it had set out and how it had granted habeas corpus relief. After it was final, settled, the time to amend passed, time to appeal passed, there was a new motion for release to discharge him from parole. And that is where the problem arises. Because it's now no longer about enforcing a final judgment. It is now about a new application for habeas corpus relief. And whether here the district court had the discretion to consider a new application for habeas corpus relief and grant it after it had already granted the writ, effectively amending the judgment when it could not be amended anymore. When the district court decided to grant the writ, it absolutely had broad discretion to shape the relief it deemed appropriate. But it did exercise that discretion. Now, whether it could go back and redo it in a post-conviction motion or a post-judgment motion when the time to amend and the time to appeal had already lapsed. That is what the issue is. So that's a procedural argument. He didn't have, for procedural reasons, he couldn't go back and change the order. Correct, Your Honor. If we disagree with you about that, is there anything substantively wrong with what he did? With what the district court did? Yes. The substantive argument would be the granting of McClellan credits. Because at no time did the district court find that Mr. Cowens was overdue for a release. And that is what happened in McClellan. In McClellan, slightly different facts involved a rescission of parole. And that is the, in that case, Mr. McClellan had a release date already set. And then it was taken away based upon some factual basis that the court said had, there was no basis to do so. So are you saying beyond that date? Are you saying that when the district court judge is shaping federal habeas corpus release, he has to go back and employ the state procedural system? No, Your Honor. What I'm arguing here is the district court, to apply the McClellan credits, there must have been a finding that Mr. Cowens was overdue for release. Does the judge say that he's applying McClellan credits? Excuse me, Your Honor? Does the judge say in this new habeas relief, I'm giving McClellan credits? Yes, the district court did. And the argument that the granting of McClellan credits under these circumstances is not appropriate. If we agreed with you, what would happen? We would reverse the district court, Mr. Cowens remains released? He would remain released and he would remain on parole. This court had stayed execution of the November 10th order to the extent that it prohibited parole. And so he is currently on parole. Effectively, nothing would change. He would remain released, but the board would be permitted to continue its parole supervision. That is the only issue in this appeal, whether the district court properly precluded the board from supervising Mr. Cowens on parole. What is wrong with assuming that the August 2009 order is a conditional writ of habeas corpus entitling him to release if the board doesn't comply with judgment, which it doesn't do. And it says if you don't comply with my judgment, then he's immediately released without parole. The problem with that, Your Honor, is there was no issue of noncompliance. Here the court is reviewing for abuse of discretion. The district court did not find that there was noncompliance. The district court acknowledged that the board did find him suitable. The district court took no issue with the board's finding of suitability. The district court took no issue with any calculated release date or base term. The only issue it found was, the only issue it had, problem it had was with the governor's review. Well, but the abuse of discretion standard is us reviewing the district court, not did the parole board abuse its discretion. And the standard of review for the district court's judgment is, does his order of immediate release, is that an abuse of his discretion? Correct, Your Honor. And but the question of whether this is a conditional writ and whether he should be released without parole based on terms of conditional writ rests on whether there is noncompliance. Was there a failure to comply with the conditional writ? And the examples provided in the petition are cases where a court sets aside a conviction and orders the State to retry the defendant or release him. The failure to retry the defendant within the time period, that is noncompliance with the conditional writ. And on those terms, the defendant must be released. Here there was no noncompliance. The board did find him suitable. The board did set a release date. And the board was prepared to release him in accordance with the, consistent with the judgment once the decision became final. Counsel, are you familiar with the Pirtle v. California Board of Prison Terms case that came down here recently on July 12th? Yes, I am, Your Honor. The last line in there says, moreover given the extraordinary passage of time since the district court's order, in this case I think it would go back to 2003, it may wish to order the board not simply to set a parole date within 30 days, but to set a date for parole that would ensure Pirtle's release on parole within 30 days. That's given almost as a throwaway in that opinion. And it seems to me to recognize the principle that the district court in shaping habeas release can pretty well do what it wants without regard to the procedures set out to the parole system. And the district court's authority in that regard, that is not at issue here. What is at issue is once that discretion is exercised, how or when can the district court go back and change a final binding judgment? In other words, if the November 10th order is proper because the district court has broad discretion, then no judgment in habeas corpus matter is ever final and essentially issue another writ. In this case, Mr. Callan applied for new relief, got it. Effectively, a new writ against the same claims. The judgment, there must be an element of finality to the judgment if the parties are going to be able to appreciate their obligations and comply with the terms of the judgment. And that is what is at issue. So I know you're over time, but I want to make sure I understand your position is. Are you saying then the problem was that Mr. Callan applied for a new writ? That's what your beef really is. To the extent that he wanted to be discharged without parole, yes, Your Honor. He applied for a new writ or he sought to amend the judgment beyond the time allowed. Thank you. Thank you. Mr. Hsu. Good morning, Your Honor. I'm pleased to court Henry Hsu on behalf of the Petitioner Appellee, Randall Callans. I'll start with Judge Robart's question about isn't this a conditional writ. It's our position that the August 2009 judgment was a conditional writ within the meaning of Harvis v. Castro. In order to board, to say, you know, you have to release Mr. Callans if you don't find any new relevant reliable evidence since 2003 that he's of dangerousness to society. And so you order a new hearing to do that. If you don't find a new evidence, then you have to calculate his release date and base term. And if that release date has already lapsed more than three years, then he's already served the parole time as well and he gets out immediately. If not, then he gets to serve the balance of the parole period. And that's essentially what the August 2009 judgment did. And in terms of compliance, there was no compliance by the state or specifically the board. The only thing that the board did was it had already ordered this and scheduled this June 2009 parole consideration hearing. But that was in compliance. That was a separate, regularly scheduled hearing outside the process. And indeed, the State didn't even bother to tell the district judge that this hearing had occurred. The State could have had the opportunity after the August 2009 judgment had entered to move, for instance, for relief under Rule 59 or Rule 60 to say, hey, Judge, you've ordered us to conduct a new hearing here for Mr. Callans. But in fact, we already did. Look at the June 2009 order, I mean, June 2009 hearing. We request that you consider that the hearing that he's gotten. They didn't bother to do that. Instead, this was a regularly scheduled hearing which went through the normal review process, including, you know, review by the governor. That's not compliance with the August 2009 judgment. So what the district judge did was when there was no compliance and Mr. Callans brought that to the district judge's attention with his October 2009 motion, the district judge says, you're right. You know, there's been no hearing. I'm going to take that as concession that there's been no new evidence that you're unsuitable for, you know, return to society. And so I'm going to – and then the district judge made a finding. They say – the Respondent says that the district judge did not make a finding, but in fact it did as to the release date. It relied on the finding by the board from the November 2006 hearing and said, based on that finding of, you know, 23 years, then, you know, that – your time served a long time ago, in fact, more than three years ago. So you're entitled to immediate release, which is what the August 2009 judgment said could happen. So that's what – that is essentially the timeline. And our position is that Mr. Callans got the relief that he was supposed to get in the August 2009 judgment, but didn't, and that the November 2009 order was simply the district court exercising its discretion as a habeas court of equity to do what's necessary to give Mr. Callans the relief that he's entitled to. Why couldn't they give him three years of parole? This is – the precedent is the McCoolian v. Duncan case. So the issue here is based on the calculated base term and release date that the board figured out in 2006, the sentence should have been 23 years, and that was more than three years ago. So basically the period of lawful custody plus the period of lawful parole, which would have been three years, was less than the time that Mr. Callans had already been in. So he's getting maxed out. And what the court was doing for Mr. Callans was the remedy for the constitutional violation was to credit him the period of unlawful custody since 2003 towards the three-year parole period. And that's why – that's the basis for the district judge giving the relief that it did in November 2009. So, I mean, that in a nutshell is our position. Again, the August – the Respondent talks about the August 2009 judgment being final. It is final. We agree it's final. In fact, what's important about that is that the Respondent never appealed that judgment. It could have appealed that judgment or sought relief from that judgment to say, We don't want – we don't judge – we don't think you have the authority to order Mr. Callans' immediate release if the release date had lapsed more than three years earlier. We don't think we need to order a new hearing because Mr. Callans already had the June 2009 hearing. That was never done. That was – they didn't avail themselves of that opportunity. So that judgment did, in fact, become final, and the board was expected to do what the district judge had ordered. And that didn't happen. So that, in essence, is our argument. Does the court have any questions about us? Mr. Stewart, you're taking this matter as a pro bono? Yes, Your Honor. That's very good. That's in accordance with the highest standards of this profession. Thank you. Thank you. Mr. Chung, I think you're out of time. We'll give you a minute to rebuttal. I appreciate it, Your Honor. Just briefly, regarding compliance, if we're to assume and take away the November 10th order as if it had never been entered, the board's grant of parole would have become final in November, and Mr. Callans would have been released on parole. That is precisely what the judgment contemplated, for Mr. Callans to be released in accordance with state law. And if the district court had not entered that November order, Mr. Callans would have gotten everything he was entitled to. So there is really no basis for finding that there was noncompliance. And regarding the question of whether Mr. Callans is overdue for release, the district court's judgment did not find that. The district court, if there was new evidence, Mr. Callans would still be in prison. But in this case, there was not, and under state law, the determination of how the state, that is not an appropriate basis for relief. Thank you, Mr. Chairman. Thank you. Mr. Hsu, thank you as well. And I add my thanks on behalf of Judge Ferris as well. We appreciate very much your taking this case on a pro bono basis and doing such a good job with it. The case has been argued and submitted. We'll stand and recess for this session. Lucy, thank you for your work this week. All rise. This court for this session stands adjourned.
judges: Robart, Farris, Silverman